UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Kimberly VanGuilder,

Plaintiff,

v.

**STIPULATION TO AMEND COMPLAINT** AND ORDER

LeJeune Investment, Inc., a Minnesota corporation, d/b/a Maplewood Imports,

Defendant.

Court File No. 02-CV-422 ADM/AJB

---

It is hereby stipulated by the undersigned on behalf of the parties hereto that the Complaint in the above-entitled action is amended to reflect the changes contained in the Amended Complaint attached as Exhibit A. It is further stipulated by the undersigned that the Answer heretofore served on Plaintiff shall be deemed to be an answer to the Amended Complaint. Any new matters alleged in the Amended Complaint shall be deemed to be denied unless admitted or otherwise alleged by Defendant hereafter in a subsequent pleading.

Dated: 4/12/02

NICHOLS KASTER & ANDERSON PLLP

James H. Kaster #53946
4644 IDS Center
Minneapolis, MN 55402
(612) 338-1919
ATTORNEY FOR PLAINTIFF

APR 17 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Dated:

JOHNSON & LINDBERG, P.A.

Robert G. Haugen, #124345
7900 International Drive
Suite 960
Minneapolis, MN 55425-1582
(952) 851-0700

ATTORNEY FOR DEFENDANT

**ORDER**

**It is so ordered.**

Date: 4/16/02

Hon. Arthur J. Boylan
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Kimberly VanGuilder,

Plaintiff,

v.

**AMENDED COMPLAINT**
**(JURY TRIAL DEMANDED)**

LeJeune Investment, Inc., a Minnesota corporation, d/b/a Maplewood Imports,

Defendant.

Court File No.

---

## JURISDICTION AND VENUE

1. This court has jurisdiction under Title 28 U.S.C. §1331, this action being brought under Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e et. seq. Plaintiff also asserts claims under the Minnesota Human Rights Act, Minn. Stat. §363.01 et. seq., which jurisdiction is based on the doctrine of supplemental jurisdiction.

2. Venue is proper under 28 U.S.C. § 1391 because the unlawful practices described herein have been committed in the District of Minnesota.

## PARTIES

3. Plaintiff Kimberly VanGuilder is an individual residing at 3800 Hoffman Road, White Bear, Minnesota 55110.

4. Defendant, Maplewood Imports, is a Minnesota corporation, doing business at 2780 North Highway 61, Maplewood, Minnesota 55109.

## FACTUAL ALLEGATIONS

5. Kimberly VanGuilder ("VanGuilder") began working at Maplewood Imports ("Maplewood") as a Service Consultant in March 2000. In this position VanGuilder earned a salary of $2,000 a month, plus commissions, which averaged $4,200 a month.

6. Plaintiff enjoyed her job and was successful in her position.

7. Starting in or about January 2001, Service Manager Keith Beck ("Beck") began harassing VanGuilder and making unwelcome comments of a sexual nature on a regular basis, such as:

a. Telling VanGuilder that client preferred to work with her because "none of the rest of us will suck or swallow like you do.";

b. Throwing objects at VanGuilder's office window and then telling co-workers, "You should see her dancing around in front of me all day, she is even trying to force her pornos on me – her own personal pornos.";

c. Telling co-workers that "Kim was getting busy last night" because she appeared tired one morning. Beck then proceeded to make obscene moaning and groaning noises; and

d. Telling VanGuilder she could leave early one day, and then stating to a male co-worker in the presence of VanGuilder "No not you. Until you can grow tits, she's a lot cuter than you, you stay."

8. In April 2001, VanGuilder transferred to another position at Maplewood as a warranty administrator, at less pay, in an effort to avoid Beck. In this position, VanGuilder earned approximately $3,500 a month while working approximately 5 hours of overtime a week. However, Beck continued to have contact with Plaintiff.

9. On or about April 19, 2001, Van Guilder left work as a result of Beck's behavior. The next day, VanGuilder filed a written complaint about the harassment by Beck to Service Director Jeff La Mott ("La Mott") and did not return to work until April 30, 2001.

10. Based on his investigation of VanGuilder's complaint, La Mott terminated Beck's employment.

11. On or about April 25, 2001, La Mott informed VanGuilder that Beck had been terminated and asked VanGuilder to return to work. VanGuilder agreed to return to work as a warranty administrator based upon La Mott's promise that she would return to her previous position as a service consultant as soon as it became available.

12. Contrary to his promise, on or about May 8, 2001, La Mott told VanGuilder he was going to promote one of the service consultants to the management position (Beck's former position) and hire someone new for the service consultant position.

13. On or about May 9, 2001, Plaintiff resigned her employment at Maplewood Imports.

14. After resigning from Maplewood Imports, Plaintiff applied for jobs elsewhere, including at Cummins Diesel North Central in Roseville, Minnesota.

15. On or about June 29, 2001 Plaintiff had an extended interview with Cummins.

16. The next day, a representative of Cummins called VanGuilder back for a second interview with top management, and indicated they would hire Plaintiff shortly. However, Cummins abruptly cancelled the interview and did not hire Plaintiff.

17. On or about August 1, 2001, VanGuilder spoke with La Mott , and La Mott acknowledged he had spoken with a representative from Cummins about VanGuilder and that the conversation was lengthy.

18. Plaintiff timely filed charges of discrimination with the Equal Employment Opportunity Commission on or about November 15, 2001 and January 4, 2002, and requested a Notice of Right to Sue. Plaintiff received Notices of Right to Sue on or about November 30, 2001 and January 15, 2002. Plaintiff received Amended Notices of Right to Sue on March 17, 2002 and March 27, 2002.

## COUNT I

### Sex Discrimination: Title VII

19. Plaintiff incorporates paragraphs 1 through 18 of her complaint by reference.

20. Plaintiff and Defendant are employee and employer respectively for purposes of the definitions set forth in Title VII, 42 U.S.C. § 2000e et seq.

21. Title VII provides that it is unlawful for an employer to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's sex. Sex discrimination under Title VII includes sexual harassment.

22. The conduct of Defendant described herein constitutes sex discrimination in violation of 42 U.S.C. § 2000e et seq.

23. As a result of Defendants' unlawful conduct, Plaintiff has suffered loss of income, past and future, mental anguish, emotional distress, humiliation, embarrassment and other damages in an amount in excess of $75,000.

24. As a result thereof, Plaintiff is entitled to her costs, disbursements and attorney fees incurred herein.

**COUNT II**

**Reprisal: Title VII**

25. Plaintiff incorporates paragraphs 1 through 24 of her complaint by reference.

26. Plaintiff and Defendant are employee and employer respectively for purposes of the definition set forth in 42 U.S.C. § 2000e et seq.

27. 42 U.S.C. § 2000e-3(a) provides that it is unlawful for an employer to discriminate against any employee because that employee "opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

28. The conduct of Defendant violated 42 U.S.C. § 2000e-3.

29. The unlawful employment practices complained of above were intentional, and have been done with malice or reckless indifference to the federally protected rights of Plaintiff.

30. As a result of Defendant's violations of 42 U.S.C. § 2000e et seq., Plaintiff has suffered past and present loss of income, mental anguish, humiliation, embarrassment, loss of reputation, loss of enjoyment of life and other damages in excess of $75,000.

31. As a result thereof, Plaintiff is entitled to her costs, disbursements and attorney fees incurred herein.

**COUNT III**

**Sex Discrimination: Minnesota Human Rights Act**

32. Plaintiff incorporates paragraphs 1 through 31 of her complaint by reference.

33. Plaintiff and Defendant herein named are employee and employers respectively for purposes of the definition set forth in Minn. Stat. §363.01, subd. 16 and 17.

34. Minn. Stat. §363.03 Subd.1(2) provides that it is unlawful for an employer "because of sex...to discriminate against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities or privileges of employment."

35. Sex discrimination under Minn.Stat. § 363.03 includes sexual harassment as defined by Minn.Stat. § 363.01(41).

36. Minn.Stat. § 363.01(41) states:

> Sexual harassment includes unwelcome sexual advances, requests for sexual favors, sexually motivated physical contact or other communication of a sexual nature when . . . that conduct or communication has the purpose or effect of substantially interfering with an individual's employment . . . or creating an intimidating, hostile or offensive employment . . . environment . . . .

37. Defendants' conduct described herein, including the acts of sexual harassment, constitutes sex discrimination in violation of Minn. Stat. §363.03.

38. As a result of Defendants' violations of Minn. Stat. §363.03, Plaintiff has suffered past and present loss of income, mental anguish, emotional distress, humiliation, embarrassment, loss of reputation and other damages in an amount in excess of $75,000.00.

39. As a result thereof, Plaintiff is entitled to her costs, disbursements and attorney fees incurred herein.

**COUNT IV**

**Reprisal: Minnesota Human Rights Act**

40. Plaintiff incorporates by reference paragraphs 1 through 39 of her complaint.

41. Plaintiff and Defendant herein named are employee and employers respectively for purposes of the definition set forth in Minn. Stat. §363.01, et seq..

42. Minn. Stat. § 363.03, Subd. 7 states that it is an unfair discriminatory practice for an employer "to intentionally engage in any reprisal against any person because that person: (1) opposed a practice forbidden under this chapter or has filed a charge, testified, assisted, or participated in any manner in any investigation, proceeding or hearing under this chapter; ... A reprisal includes, but is not limited to, any form of intimidation, retaliation, or harassment."

43. Defendant engaged in reprisals against Plaintiff in retaliation for Plaintiff's disclosure of the sex discrimination suffered by her.

44. As a direct result of Defendant's conduct in violation of Minn. Stat. § 363.03, Subd. 7, Plaintiff has suffered loss of past and future income, mental anguish, emotional distress, humiliation, embarrassment, loss of reputation and other damages in excess of $75,000.

45. Plaintiff is entitled to her costs, disbursements and attorney's fees incurred herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a jury trial and the following relief:

1) For compensatory damages arising from mental anguish, emotional distress, humiliation, embarrassment, and other pain and suffering, in an amount in excess of $75,000;

2) For loss of income and all damages permitted under Title VII of the Civil Rights Act of 1991, 42 U.S.C. §2000e, et seq., and Minn. Stat. §363.01 et seq.;

3) For treble damages as provided by the Minnesota Human Rights Act;

4) For punitive damages as allowed by law;

5) For attorney fees, costs, and disbursements

6) For such other relief as the Court deems just.

DATED: April 16, 02

NICHOLS KASTER & ANDERSON, PLLP

By ______________________

James H. Kaster #53946
4644 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 338-1919
ATTORNEY FOR PLAINTIFF